**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BROOKLYN MUSIC DISTRIBUTION, INC., a
California corporation,

                                        *Plaintiff,*

                    - v. -                                    Case No.   _____

VYDIA, INC., a Delaware corporation,

                                        *Defendant.*

## COMPLAINT

Plaintiff Brooklyn Music Distribution, Inc. ("BMD"), by and through its undersigned

attorneys, for its Complaint against Defendant Vydia, Inc. ("Vydia"), alleges as follows:

## NATURE OF THE ACTION

1.      Vydia is a distributor of digital entertainment content.  In retaliation for BMD's

exercising its contractual right to terminate the parties' contract, Vydia refused to pay royalties

payable to BMD or provide books and records to support its accountings as it agreed to do in

writing.  BMD is informed and believes that Vydia misappropriated substantial royalties owed

from exploitation of BMD's digital entertainment products.  Now, Vydia is reneging on BMD's

contractual document inspection rights in order to shield its misconduct.

2.      Apparently angered by BMD's termination of the contract, Vydia withholds

critical information, including information concerning "breakage" and minimum guarantee

payments, it agreed would be provided to support calculation of payments to BMD.  Given

information recently discovered by BMD, it appears that Vydia is engaged in an attempt to hide

its intentional failure to pay royalties and promote its nefarious scheme.  Vydia's conduct

constitutes not only a breach of the Agreement but conversion and constructive fraud as well.

BMD seeks an accounting and an award of substantial monetary damages, including punitive

damages, to recompense for its losses.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this action pursuant to 28 USC § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.       Venue of this action is proper here pursuant to 28 U.S.C. § 1391.  The agreement entered into between the parties provides that any claim or controversy arising out of or relating in any way thereto shall be litigated in the state or federal courts in Manhattan, New York, New York.  By entering into that agreement, Vydia accepted and submitted to the jurisdiction of this Court.

## THE PARTIES

5.       BMD is, and at all times relevant to this action was, a corporation duly organized and existing under the laws of the state of California with its principal place of business in California.

6.       BMD is informed and believes and thereon alleges that Defendant Vydia is, and at all times relevant to this action was, a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business in New Jersey.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.       On or about August 20, 2020, Vydia entered into a written agreement with BMD entitled Exclusive Content License Agreement, a true and correct copy of which is attached as Exhibit 1 ("the Agreement").  Pursuant to the Agreement, Vydia was to provide content management and royalty administration services as the digital distributor of BMD's recording catalog.  Vydia's duties under the Agreement included the obligation to account and pay to BMD "Royalties" as defined in Paragraph 7 with respect to content exploited on BMD's behalf.

8.       Royalties paid pursuant to the Agreement are broadly defined under Paragraphs 7(a)(ii) and 7(a)(i)(1).  Royalties are defined as "…any and all Gross Receipts less the…Service Fee and… expenses…"  "Gross Receipts" means "any and all monies actually received by Vydia from [Digital Service Providers]" that are not subject to return or contingency.  Gross Receipts includes Blanket Settlement Payment(s) and monies "actually received by or credited to Vydia in

connection with an unrecouped advance payment balance or unearned minimum guaranteed payment…from a [Digital Service Provider] through which [BMD] Content is exploited by Vydia during the Term."

9.      Paragraph 12(c) allows BMD to contest the accuracy of Accounting Statements sent to BMD by Vydia for a period of three (3) years from the date any such statement is rendered.  Paragraph 12(f) allows BMD to review Vydia's books and records pertaining to the calculation of Royalties referenced in any such statement.

10.     After the Agreement was entered into, Vydia provided certain monthly Accounting Statements to BMD setting forth Royalties allegedly payable pursuant to the Agreement.  Vydia provided Accounting Statements to BMD for periods between August 2020 and July 2022.

11.     BMD is informed and believes and thereon alleges that Vydia failed and refused accurately to account and pay Royalties pursuant to the Agreement.  Accordingly, in 2022 BMD demanded an audit pursuant to Paragraph 12(f).  BMD retained an accounting firm to request, review and report on Vydia's books and records pertaining to the calculation of payable Royalties.

12.     During the course of the audit, BMD through its auditors and counsel requested documents needed to determine whether there were Royalties payable under the Agreement that Vydia had failed to account for or pay.  However, Vydia failed and refused to provide categories of documents necessary for BMD's auditors to validate Vydia's calculation of Royalties payable to BMD, as required under Paragraph 12(f).  Among other things, Vydia refused to provide information requested by BMD reflecting "breakage" monies (a term used in the music industry and generally described as money remaining to be paid when an agreed minimum advance or revenue guarantee exceeds prior payments) or Blanket Settlement Payment(s) paid to Vydia in which BMD would be entitled to share.  Vydia provided little or incomplete information on these issues despite repeated requests.  In addition, Vydia refused to provide unredacted source documents from, or agreements with, its digital service providers that were necessary to confirm

the amounts of Royalty payments made to BMD, which Vydia refused to provide on alleged confidentiality grounds. Access to all of these documents is necessary in order to determine if Vydia is receiving advances, minimum revenue guarantee payments or other sums but failing to allocate any portion to BMD and is required under Paragraph 12(f). Vydia has also refused to respond to queries from BMD's auditors concerning several particular questionable or unintelligible entries in its books and records.

13.     During the course of the audit, Vydia's head of royalties stated to a representative of BMD's audit team that a "breakage file" had been received by Vydia which had not been processed. The existence of this unprocessed "breakage file" in the industry connotes that there will likely be monies payable to BMD once that information is processed. To BMD's knowledge, breakage was never paid to BMD. BMD is informed and believes that there were multiple instances in which Vydia received breakage funds and other funds that should have been allocated to BMD but were not so allocated.

## FIRST CAUSE OF ACTION

### (For Breach of Written Contract)

14.     BMD realleges, adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 13, inclusive, of this Complaint as if fully set forth herein.

15.     Paragraph 7 of the Agreement sets forth the method pursuant to which Royalties are to be calculated and paid to BMD. BMD is informed and believes and thereon alleges that Vydia failed and refused to comply with its obligations under Paragraph 7. Among other things, Vydia has misappropriated and failed to pay BMD Royalties according to proof at trial.

16.     BMD demanded an audit of Vydia pursuant to Paragraph 12(f) of the Agreement in 2022. Paragraph 12(f) provides that BMD may review Vydia's books and records to validate the calculation of Royalties owed under the Agreement. Vydia has failed and refused to comply with its obligations to provide books and records pursuant to Paragraph 12(f) of the Agreement.

17.     BMD has performed all covenants, conditions and obligations due and owing under the Agreement, except for those covenants, conditions and obligations that have been excused by Vydia.

18.     As a direct and proximate result of Vydia's breaches of the Agreement, BMD has suffered damages in an amount to be proven at trial, but which BMD is currently informed and believes exceeds $750,000.

## SECOND CAUSE OF ACTION

### (For an Accounting)

19.     BMD realleges, adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 13 and 15 through 17, inclusive, of this Complaint as if fully set forth herein.

20.     By entering into the Agreement and agreeing to collect revenues and account to BMD with respect to Royalties payable under the Agreement, Vydia knowingly undertook to act on behalf of and for the benefit of BMD with respect to the preparation of accurate Accounting Statements and the payment of the appropriate share of Royalties to BMD.

21.     Vydia has at all relevant times maintained, and continues to maintain, exclusive control over the financial books and records pertaining to the calculation of BMD's share of Royalties under the Agreement.

22.     BMD has not received its appropriate share of Royalties since inception and does not have access to the relevant books and records to determine its entitlement to Royalties.  The balance due from Vydia to BMD can be ascertained only by an accounting because the information necessary to determine the balance due is within the exclusive knowledge of Vydia. BMD requests that the Court order an equitable accounting of all sums due and owing to BMD as Royalties under the Agreement.

## THIRD CAUSE OF ACTION

### (For Conversion)

23.     BMD realleges, adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 13 and 15 through 17, inclusive, of this Complaint as if fully set forth herein.

24.     BMD is informed and believes and thereon alleges that Vydia received and wrongfully misappropriated monies from its exploitation of the BMD digital entertainment catalog monies that were payable to BMD as Royalties.  Vydia interfered with BMD's right to receive, and misappropriated, Royalties payable to BMD under the Agreement including, but not limited to, income with respect to "breakage" monies and in connection with various other misstatements of income and expenses in the Accounting Statements that damaged BMD according to proof at trial.

25.     BMD did not consent and does not consent to Vydia's wrongful retention of Royalties payable under the Agreement and, accordingly, brings this action for an accounting and for damages for all losses sustained as a result of Vydia's wrongful conduct, including Vydia's conversion of Royalties owed to BMD under the Agreement.

26.     As a proximate result of Vydia's conversion, BMD has sustained damages in an amount according to proof, but which is believed to exceed $750,000.

27.     BMD is informed and believes and thereon alleges that in doing the things alleged herein, Vydia acted willfully, maliciously, oppressively, and despicably, with full knowledge of the adverse effects of its actions on BMD and with willful, deliberate, and conscious disregard of the consequences of such conduct to BMD.  As a result of Vydia's wrongful conduct, BMD is entitled to an award of exemplary or punitive damages against Vydia in an amount sufficient to punish and deter it from engaging in such conduct in the future, the exact amount of which will be subject to proof at trial.

## FOURTH CAUSE OF ACTION

### (For Constructive Fraud)

28.     BMD realleges, adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 13 and 24 through 26, inclusive, of this Complaint as if fully set forth herein.

29.     As a result of its position of exclusive control and direction over monies received through digital distribution of BMD's catalog on BMD's behalf, Vydia assumed a confidential position with respect to its dealings with BMD.  The relationship that Vydia assumed necessarily involved a confidence that BMD reposed in Vydia, which caused BMD not to exercise the care and vigilance that a party would ordinarily exercise.

30.     Vydia's conduct as alleged above breached its confidential position as to BMD and constituted constructive fraud.

31.     As a proximate result of Vydia's conversion of Royalties due and owing to BMD, BMD has sustained damages in an amount according to proof, but which is currently believed to exceed $750,000.

32.     BMD is informed and believes and thereon alleges that in doing the things alleged herein, Vydia acted willfully, maliciously, oppressively, and despicably, with full knowledge of the adverse effects of its actions on BMD and with willful, deliberate, and conscious disregard of the consequences of such conduct to BMD.  As a result of Vydia's wrongful conduct, BMD is entitled to an award of exemplary or punitive damages against Vydia in an amount sufficient to punish and deter it from engaging in such conduct in the future, the exact amount of which will be subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Brooklyn Music Distribution, Inc. respectfully prays for an award in the following respects:

1)     For compensatory damages according to proof at trial;

2)     For an accounting of all revenues and expenses with respect to Vydia's exploitation of BMD's digital entertainment properties, including an accounting of Royalties payable to BMD pursuant to the Agreement;

3)     For costs of suit incurred herein;

4)     For pre-judgment and post-judgment interest at the maximum legal rate; and

5)     For such other and further relief as the Court may deem just and proper, including without limitation costs and attorneys' fees.

## <u>REQUEST FOR JURY TRIAL</u>

BMD hereby demands a trial by jury on all issues.


Dated:  New York, New York
       August 25, 2023

FRANKFURT, KURNIT,
KLEIN & SELZ, P.C.


By:    /s/ Maura J. Wogan
       MAURA J. WOGAN, Esq.
       NICOLE BERGSTROM, Esq.
       28 Liberty Street
       New York, NY 10005
       (212) 826-5523
       E: *mwogan@fkks.com*
       E: *nbergstrom@fkks.com*


LAVELY & SINGER
PROFESSIONAL CORPORATION


By:    
       MICHAEL E. WEINSTEN, Esq.
       PAUL N. SORRELL, Esq.
       2049 Century Park East, Suite 2400
       Los Angeles, CA 90067
       (310) 556-3501
       E: *mweinsten@lavelysinger.com*
       E: *psorrell@lavelysinger.com*
       (*pro hac vice* applications to be filed)